UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| DAVID RONGE, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:18-cv-07030 **(Consolidated)** |
| Plaintiff, | CLASS ACTION |
| vs. | Judge Rebecca R. Pallmeyer |
| CAMPING WORLD HOLDINGS, INC., et al., | |
| Defendants. | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated April 7, 2020, on the application of the parties for approval of the Settlement set forth in the Settlement Agreement dated March 12, 2020 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for purposes of settlement only, a Class defined as: all Persons who purchased or otherwise acquired Camping World publicly traded Class A common stock during the period from October 6, 2016 through August 7, 2018, inclusive, including those who purchased or acquired shares of Camping World Class A common stock in the Company's initial public offering, which occurred on or around October 6, 2016, and/or in the Company's secondary offerings, which occurred on or around May 26, 2017 and October 27, 2017, and who were allegedly damaged by Defendants' alleged conduct. Excluded from the Class are: Defendants, the officers and directors of the Company during the Class Period, members of the immediate families of any excluded persons, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded party; provided, however, that any "Investment Vehicle" shall not be excluded from the

Class. "Investment Vehicle" means any investment company or pooled investment fund, including, but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

4. Also excluded from the Class are those Persons listed in Exhibit 1 hereto who would otherwise be members of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court.

5. The Court finds that, for purposes of settlement only: (a) the members of the Class are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any action concerning the controversy already commenced by members of the Class; (iii) the desirability or undesirability of concentrating the action of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court hereby re-affirms its determinations in the Notice Order and finally certifies Lead Plaintiffs City of Pontiac General Employees' Retirement System, Oklahoma Police Pension & Retirement System, and City of Omaha Police & Fire Retirement System as Class Representatives;

and finally appoints the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP as Class Counsel.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9. Upon the Effective Date, and as provided in the Stipulation, Plaintiffs, each of the Class Members (who have not validly opted out of the Class) and the other Releasing Plaintiff Parties in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any

claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims. Claims to enforce the Settlement are not released.

10. Upon the Effective Date, and as provided in the Stipulation, Plaintiffs and each of the Class Members (who have not validly opted out of the Class), and the other Releasing Plaintiff Parties, in their capacities as such, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

11. Upon the Effective Date, and as provided in the Stipulation, Plaintiffs and each of the Class Members (who have not validly opted out of the Class), and the other Releasing Plaintiff Parties, in their capacities as such, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Persons.

12. Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates and the heirs, executors, trustees, administrators, successors, and assigns of each of them, in their capacities as such ("Released Plaintiff Parties") from all Released Defendants' Claims (including, without limitation, Unknown Claims) and shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement of

any and all such Released Defendants' Claims against any of the Released Plaintiff Parties, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction. Claims to enforce the Settlement are not released.

13. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Members of the Class are bound by this Judgment.

14. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

15. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission, concession or finding of the validity of any Released Claim, or of any fault, liability, or wrongdoing whatsoever of the Defendants or their respective Related Persons or any infirmity in the defenses that Defendants have, or could have,

asserted or any damage allegedly caused by Defendants, or (b) is, or may be deemed to be, or may be used as an admission of, concession or finding of any fault or omission of any of the Defendants or their respective Related Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Defendants and/or their respective Related Persons may file the Stipulation and/or this Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

17. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation,

and the Settling Parties shall revert to their respective positions in the Action as of August 16, 2019, as provided in the Stipulation.

19.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED:  August 5, 2020         _____
                               THE HONORABLE REBECCA R. PALLMEYER
                               UNITED STATES DISTRICT JUDGE

- 8 -

# EXHIBIT 1

1. Michael Newton, Highlands Ranch, CO